UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81162-CIV-COHN

DAVID RAMNARINE,

    Plaintiff,

vs.

EPIC REALTY OF OHIO II, LLC,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendant Epic Realty's Motion to Dismiss Plaintiff's Count I [DE 17], Plaintiff's Memorandum in Opposition [DE 24] and Defendant's Reply Memorandum [DE 25].  The Court has carefully considered the motion, response and reply, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff filed this action asserting violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R., Part 36 (hereinafter, the "ADAAG").  Plaintiff alleges that he is substantially limited in walking and is confined to a wheelchair due to permanent damage to his spinal cord.  Complaint, ¶ 3.  Plaintiff states that his access to the premises at issue in this action was restricted and limited because of Plaintiff's disabilities and will be restricted in the future if certain barriers are not removed.  Id., ¶¶ 3, 9.  The "Property" at issue "is a strip shopping center and outparcel restaurant located at 1921-1975 and 1999 North Federal Highway, Boca Raton, Florida."  Id., ¶ 4.

The twenty-five (25) different ADA and ADAAG violations allegedly existing at the Property are listed in ¶ 12 of the Complaint. Seven of the alleged violations pertain to the parking lot and accessible routes. Id., ¶ 12(a) - 12(g). Thirteen of the alleged violations pertain to the restrooms within the "buildings at the Property." Id., ¶ 12m(i) - 12m(xiv). The other alleged violations pertain to door hardware, service counters, signage, seating in the restaurant, and widths and accessible routes within the tenant spaces. Id., ¶ 12(h) - 12(l). Few of the allegations are specific to the outparcel restaurant and none of the allegations reference specific locations. Some are clearly intended to apply to multiple locations, though those locations are not always specified.

## II. DISCUSSION

Defendant has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In Ashcroft v. Iqbal, 129 S.Ct. 1937,

1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Defendant contends that Plaintiff has failed to sufficiently allege standing to bring this action. Plaintiff would have standing to sue if he: (1) has suffered an injury in fact; (2) the injury was causally connected to Defendants' action; and (3) the injury will be redressed by a judgment in their favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 2134 (1992). Discrimination suffered in violation of the ADA is an injury sufficient to give rise to an Article III case or controversy. Access Now, Inc. v. South Florida Gaming Corp., 161 F. Supp. 2d. 1357, 1364 (S.D. Fla. 2001).

Defendant asserts that Plaintiff has failed to allege sufficient facts to show an injury because he does not allege the date or dates when he attempted to access the property in question; that he cannot have standing with regard to alleged ADA violations which do not relate to his disability; and that he has failed to sufficiently allege a casual connection by not separating out which alleged barriers pertain to the outparcel restaurant as compared with the separate strip shopping center. This last argument relies upon Fed. R. Civ. P. 10(b), which requires a plaintiff to have only one claim per count in a complaint. Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996)

As required by Title III of the ADA, Plaintiff has alleged that: (1) he is disabled within the meaning of the ADA (¶¶ 3, 9), (2) the Defendant's locale is a place of public accommodation (¶¶ 4, 8), and (3) Plaintiff was denied full and equal treatment because of his disability (¶¶ 3, 9, 10). Plaintiff alleges that he visited the property, but because

of barriers to access, due to his disabilities, was denied full and equal treatment. Complaint, ¶ 9.  Plaintiff also alleges that he intends to visit the facility in the near future, so  if the barriers are removed, the injury can be redressed by judgment in his favor. Id., ¶ 10.  These allegations are of a factual nature, and are therefore entitled to be presumed to be true.

In Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001), the Eleventh Circuit stated that: "a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Unlike the courthouse in rural Levy County, Florida at issue in Cates, Plaintiff alleges in this action that he plans to return to the facility. Compl., ¶ 10.  Therefore, Plaintiff has personally suffered an injury in fact, causally connected to Defendants' action, and, the injury will be redressed by a judgment in his favor.

Plaintiff has plead sufficient facts to have standing to pursue this ADA action, with one exception noted by Defendant.  Plaintiff does not have standing to assert a claim regarding non-compliant Braille signage, as Plaintiff is not blind.  Plaintiff has not sufficiently alleged that his injury was causally connected to Defendants' action regarding non-compliant Braille signage.  Therefore, ¶ 12(m)(ii) of the Complaint is dismissed.

In addition, Defendant is correct that Plaintiff has failed to comply with Rule 10(b), by not separating out which alleged barriers pertain to the outparcel restaurant as compared with barriers that pertain to the separate strip shopping center.   For those barriers that pertain to both (i.e., if a common parking lot exists), the Complaint should specify that fact.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Epic Realty's Motion to Dismiss Plaintiff's Count I [DE 17] is hereby **GRANTED**, **without prejudice**, and with leave to Plaintiff to amend;

2. Plaintiff has leave to file an Amended Complaint in response to this Order;

3. Failure to file an Amended Complaint by January 19, 2011, will result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of January, 2011.

JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF